UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LADONNA MARIE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>STELLAR RECOVERY, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:16-cv-00418<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT TO
THE TELEPHONE CONSUMER PROTECTION ACT
AND THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes LADONNA MARIE WILLIAMS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of STELLAR RECOVERY, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA and the FDCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 44 year old natural person residing at 7135 Columbia Avenue, Apartment B, Hammond, Indiana, which falls within the Northern District of Indiana.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6.  Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7.  Defendant is a Florida corporation with its principal place of business located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida. Defendant transacts business throughout the country, including with consumers in Indiana.

8.  Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts of others.

10. On its website, Defendant identifies itself as a debt collector[1] and has been a member of the Association of Credit and Collection Professionals since 2009.[2]

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] http://stellarrecoveryinc.com/about-us/
[2] http://www.acainternational.org/memberdirectory.aspx

## **FACTS SUPPORTING CAUSES OF ACTION**

12. Approximately midway through 2015, Plaintiff started receiving phone calls from Defendant seeking payment on a Comcast utility obligation ("subject consumer debt) that she had incurred several years prior. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

13. Plaintiff incurred the subject consumer debt for residential use with her sister, Angela Williams ("Angela"). Plaintiff and Angela eventually defaulted on the payments to Comcast. *See* Exhibit A.

14. Defendant regularly called Plaintiff's cellular phone, (773) XXX-1335. *Id.*

15. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 1335. Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. The phone number that Defendant most frequently utilized to contact Plaintiff from was (312) 462-0206. *Id.*

17. Upon information and belief, the above is a phone number regularly utilized by Defendant during its debt collection actions towards consumers in Indiana.

18. After answering calls from Defendant, Plaintiff was occasionally greeted with a prerecorded message. *Id.*

19. During other instances, Plaintiff would experience a brief pause after answering Defendant's call before a live representative came on the line. *Id.*

20. Defendant advised that it was acting as a debt collector on behalf of Comcast and sought payment on the subject consumer debt from Plaintiff. *Id.*

21.  Not wanting Defendant to call her cellular phone, Plaintiff instructed it to stop and to instead send her written correspondence so that she could evaluate the merits of the subject consumer debt.  *Id.*

22.  Plaintiff provided Defendant with an updated mailing address, however, she never received any correspondence from it.  *Id.*

23.  After demanding that Defendant stop calling her, Plaintiff continued to receive calls.  *Id.*

24.  Plaintiff made multiple requests to Defendant to cease contacting her via phone. Despite her pleas, she continued to receive calls on an almost daily basis.  *Id.*

25.  For reference, during a period from August 4, 2015 until October 19, 2015, Defendant called Plaintiff at least 25 times.  *Id.*

26.  Plaintiff has received not less than 40 calls for Defendant.  *Id.*

27.  With the goal of stopping Defendant's conduct, Plaintiff purchased an application on her cellular phone in order to block the calls.  *Id.*

28.  Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

29.  Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

30.  Plaintiff has suffered financial loss as a result of Defendant's conduct.

31.  Plaintiff has been unfairly harassed and mislead by Defendant's actions, resulting in an increased stress level.

32.  Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33.  Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Defendant used an ATDS in connection with it communications directed towards Plaintiff.  On several calls from Defendant, Plaintiff was subjected to a prerecorded message upon answering her cellular phone.  During other calls from Defendant, Plaintiff experienced a brief pause after answering.  The above are indicators that an ATDS was used by Defendant to place the calls.  Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

36. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to Defendant was explicitly revoked by her numerous demands to stop calling and communicate only through written correspondence.

37. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, LADONNA MARIE WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§1692e and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§1692f.

41. Defendant violated 15 U.S.C. §§1692d, d(5), e, e(10) and f during its collection activity towards Plaintiff. After being notified by Plaintiff to stop calling her, Defendant unfairly, deceptively and harassingly used an ATDS to accelerate its collection efforts on the subject consumer debt. Seeking validation of the subject consumer debt, Plaintiff demanded that Defendant communicate with her in writing. While Defendant *may* have initially sent a "dunning notice" as required by §1692g, Plaintiff never received this correspondence. Seeking

to properly gauge her liability on the subject consumer debt, Plaintiff went as far as providing an updated mailing address to Defendant.

42. After her request, Plaintiff never received any written correspondence from Defendant. Instead, Defendant opted to ratchet-up its collection activity through systematic collection calls via means of an ATDS.  Defendant was acutely aware that Plaintiff revoked her consent to be contacted on her cellular phone.  Not wishing to relent in its harassing behavior, Defendant continued its deceptive and illegal collection activity on the subject consumer debt.

43. As plead in paragraphs 27 through 32, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, LADONNA MARIE WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

44. Plaintiff repeats and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

46. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

47. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

48. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

49. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

50. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified to cease its conduct by Plaintiff. However, Defendant ignored these prompts in an abusive attempt to secure payment of the subject consumer debt.

51. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

52. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

53. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

54.   Plaintiff made numerous attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

55.   As pled in paragraphs 27 through 32, Plaintiff has suffered damages as a result of Defendant's unlawful conduct.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LADONNA MARIE WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c.   Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 28, 2016            Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com